LEVI F. WELLS, APPELLEE, v. PETER G. COX, APPELLANT.

FILED MARCH 20, 1909. No. 15,548.

1. **Occupying Claimants:** IMPROVEMENTS: COMPENSATION. While the provision of the occupying claimant's act which gives the successful claimant the option to deed the land for its appraised value is not applicable where such claimant cannot convey the fee, the provision that the occupying claimant shall not be evicted without payment to him of the value of his lasting improvements is enforceable.

2. ———: PUBLIC LANDS: HOMESTEAD. The provision of the occupying claimant's act applies to evictions had under sections 1019-1032 of the code of one claiming under the homestead laws of the United States.

APPEAL from the district court for Boyd county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*F. Dolezal,* for appellant.

*John A. Davies* and *N. D. Burch, contra.*

CALKINS, C.

On the 10th day of December, 1900, the defendant entered the tract of land in dispute under the provisions of the act of congress to secure homesteads to actual

settlers on the public domain. He established a residence on said land, and has continued in possession thereof to the present time. At the time of his entry he purchased from a former claimant certain improvements, and made others in addition thereto. On the 22d day of June, 1902, the plaintiff began a contest against the defendant's homestead entry, and such proceedings were had thereupon that on the 5th day of July, 1904, the defendant's homestead entry was canceled and the plaintiff was permitted to enter the same. The plaintiff thereupon began proceedings under the statute relating to forcible entry and detainer to recover possession of said lands. This proceeding resulted adversely to the plaintiff in justice court, but upon appeal to the district court there was a verdict in favor of the plaintiff. The defendant thereupon filed an application under the statute for the relief of occupying claimants (Ann. St. 1907, sec. 10857 *et seq.*) praying for the appraisement of the lasting and valuable improvements made by him upon such real estate. This application was denied, and the defendant appeals.

.1. The statute above referred to provides in section 10857: "That in all cases where any person claiming title to real estate * * * for which such person can show a plain and connected title, in law or equity, derived from the records of some public office, or from the United States, or from this state, or derived from any such person by devise, descent, deed, contract, or bond, such person * * * shall not be evicted or turned out of possession of such real estate, nor shall his claim or title be set aside or canceled by any court in any proceedings brought or commenced by any person setting up and proving an adverse and better title or claim to such real estate, until such person claiming as aforesaid shall be fully paid the value of all lasting and valuable improvements made upon such real estate by such claimant or by those under whom he claims." And in section 10858, it is further provided: "Any person in possession of or

claiming any real estate under a certificate of entry or under the homestead or pre-emption laws of the United States, as well as the persons enumerated in the first section of this act, shall be considered as having sufficient title to demand the value of improvements," etc. The section last above quoted clearly shows the intention of the legislature to confer the benefits of the statute upon homestead or pre-emption claimants who, in reliance upon their entry of such lands under the homestead and pre-emption laws, placed lasting and valuable improvements upon them. The only reason why the remedy is not applicable in its entirety to a case where the evicted party claimed under an entry made under the homestead law, which occurs to us, is that the provision giving the successful claimant the option to accept the appraised value of the land and deed the same to the person evicted, instead of paying for the improvements, could not apply because the successful claimant in such a case could not convey a good title to the property. But this objection would be available in all cases in which the successful claimant did not have the fee; and the fact that the provision above referred to is inapplicable to such cases cannot prevail over the plainly expressed intention of the legislature that the person so evicted should be paid the value of his lasting improvements. The statute can be enforced to that extent, and, so enforced, places no greater burden upon the successful litigant for the possession of lands than is imposed by courts of equity in all cases where he must resort to that jurisdiction for his remedy. It is sometimes a reproach to the administration of legal remedies that they do not provide, as does the system of equity jurisprudence, for the rights of the unsuccessful party; and any attempt by legislation to introduce the more beneficient rules which are recognized in courts of equity to relieve the hardship of such cases should be liberally construed.

2. The theory of the district court seems to have been that the remedy afforded by this statute did not apply to

actions in the nature of forcible entry and detainer. The provisions of the statute are that the claimant "shall not be evicted or turned out of possession of such real estate" until he shall be paid the value of such improvements. If the effect of a judgment in forcible entry and detainer proceedings is to evict or turn the party who has made the improvements as a homestead claimant out of possession, then we can see no good reason why such proceedings do not apply. Forcible entry and detainer was originally a criminal proceeding, a trace of which origin appears in the form of the verdict of guilty or not guilty prescribed by the statute. The earlier statutes giving a civil remedy were directed against those who made unlawful and forcible entry into lands and tenements and detained the same, and this was without reference to either title or right of possession, the purpose being to restrain individuals from securing by violent means possession of lands to which they were justly entitled in law. In our own statute of forcible entry and detainer the proceedings to summarily remove persons in possession of land are not confined to those who make their entry by force or forcibly detain the same. It is extended to cases of tenants holding over their terms, to defendants in judgments upon which judicial sales are had, and to all cases where the defendant is a settler or occupier of lands or tenements without color of title, to which the complainant has the right of possession. Code, sec. 1020. In cases where the gravamen of the action is the force in the entry or detention, its purpose is to put the parties *in statu quo*, leaving them free to litigate the right of possession. In such case the statute for the protection of occupying claimants could not apply because not even the right of possession is determined. And, where a claimant would otherwise be entitled to relief under the provision of the act relating to occupying claimants, the fact that he was ejected by process issued upon a judgment rendered in proceedings under the statute relating to forcible entry and detainer will not deprive him of its benefit.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.